**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**Case No. __________**

Douglas W. Gunton, individually and as Trustee
of Doug's Trust,

Plaintiff,

vs.

Cary G. Lofquist, individually and as Trustee
of the P.S. Gunton Trust, Samuel Lofquist,
and Hayley Lofquist,

Defendants.
_____________________________________________/

# COMPLAINT

Plaintiff, Douglas W. Gunton, individually and as Trustee of Doug's Trust (that is, the Subtrust Created Under Section 4.3 of the P.S. Gunton Trust), hereby sues Defendants Cary G. Lofquist, individually and as Trustee of the P.S. Gunton Trust, Samuel Lofquist, and Hayley Lofquist, and states as follows:

1. This is an action seeking the appointment of a successor trustee of the Spouse's Trust (defined hereinafter), seeking the funding of Doug's Trust (defined hereinafter) from the Spouse's Trust, and seeking a proper, fiduciary accounting of the P.S. Gunton Trust.

## Parties

2. Plaintiff Douglas W. Gunton ("Doug") is domiciled in the State of New Mexico and is *sui juris*.

3. Defendant Cary G. Lofquist ("Cary") is domiciled in the State of Wisconsin and is *sui juris*.

4. Defendant Samuel Lofquist ("Samuel") is domiciled in the State of Florida and is *sui juris*. Plaintiff bears Samuel no ill will, and Samuel is named only because he constitutes part of the majority of the adult qualified beneficiaries of the Spouse's Trust.

5. Defendant Hayley Lofquist ("Hayley") is domiciled in the State of Washington and is *sui juris*. Plaintiff bears Hayley no ill will, and Hayley is named only because she constitutes part of the majority of the adult qualified beneficiaries of the Spouse's Trust.

**Jurisdiction and Venue**

6. As described above, there is complete diversity between Plaintiff and Defendants.

7. The amount in controversy exceeds the $75,000 minimum required to invoke the Court's diversity jurisdiction.

8. Specifically, the value of the Spouse's Trust (defined hereinafter), for which Doug seeks to have a successor trustee appointed, exceeds $75,000; the value of the assets that the successor trustee will then be obligated to distribute for purposes of funding Doug's Trust, under the terms of the Spouse's Trust, exceeds $75,000; and the amount of accrued and undistributed income due to the beneficiary of Doug's Trust (i.e., Doug), to date, exceeds $75,000.

9. In addition, as Trustee of Doug's Trust, Doug is entitled to reimbursement of his professional fees incurred to date and to payment of his trustee compensation earned to date, which exceed $75,000.

10. Doug, both individually and as Trustee of Doug's Trust, has thus been damaged by at least $75,000.

11. The administration of the P.S. Gunton Trust has taken place, upon information and belief, in Collier County, Florida. For this reason, venue of this action is proper in this district.

## General Allegations

12. The P.S. Gunton Trust was created in 1996 by Phyllis S. Gunton ("Phyllis").

13. Phyllis died, a domiciliary of Collier County, Florida, on July 13, 2020.

14. Phyllis was the mother of Doug and Cary, and she was the grandmother of Samuel and Hayley, who are Cary's adult children.

15. Although the P.S. Gunton Trust was originally created in 1996, it was subsequently modified and restated on or about October 1, 2009, and it was thereafter modified on January 26, 2011, and again on March 6, 2018. (A copy of the October 1, 2009 Trust Agreement Modification and Restatement is attached hereto as Exhibit "A". A copy of Modification One dated November 30, 2010, is attached hereto as Exhibit "B". A copy of Modification Two dated March 6, 2018, is attached hereto as Exhibit "C". Together these three documents comprise the operative documents of the P.S. Gunton Trust.)

16. Pursuant to section 7.3 of the P.S. Gunton Trust, the laws of Florida govern the validity, construction, interpretation, and administration of the P.S. Gunton Trust.

17. Phyllis was survived by her husband William E. Gunton ("William").

18. Pursuant to section 4.1 D of the P.S. Gunton Trust, upon Phyllis' death, a "Spouse's Trust" was created for the benefit of William, and William was the Trustee of the Spouse's Trust.

19. The Spouse's Trust provided that William was to receive the entire net income and also allowed the Trustee, in his discretion, to distribute principal to William for his health, support and maintenance, taking certain considerations, such as William's other funds, into account.

20. William died, a domiciliary of Collier County, Florida, on December 26, 2022.

21. Section 4.3 of the P.S. Gunton Trust creates a subtrust for the benefit of Doug, which is referred to therein as "Doug's Trust."

22. Pursuant to Section 4.3 A., Doug is nominated as the Trustee of Doug's Trust.

23. Section 4.2 C of the P.S. Gunton Trust provides that upon William's death, the Trustee of the Spouse's Trust "shall pay the undistributed and accrued income of the SPOUSE'S TRUST, if any, and the entire remaining principal thereof, in equal shares to DOUG'S TRUST and CARY'S TRUST."

24. Currently, upon information and belief, there is no Trustee of the Spouse's Trust.

25. Pursuant Section 5.1 A. vi. of the P.S. Gunton Trust, upon a vacancy in the office of Trustee of the Spouse's Trust, a majority of the adult qualified beneficiaries have the power to designate a successor Trustee for the Spouse's Trust now that William has died.

26. Pursuant Section 5.1 A. iv. of the P.S. Gunton Trust, any such designated or appointed Trustee must be a bank or trust company having not less than $100,000,000 in trust assets under management.

27. At the time of the filing of this lawsuit, however, Doug has not been advised that any qualified bank or trust company has accepted an appointment as the successor Trustee of the Spouse's Trust.

28. Thus, upon information and belief, there is a vacancy in the office of Trustee of the Spouse's Trust. In other words, there is no successor Trustee with whom Doug, as Trustee of Doug's Trust, can communicate about the Spouse's Trust. For example, there is no Trustee from whom he can demand that Doug's Trust be funded, as is supposed to occur upon William's death according to the terms of the P.S. Gunton Trust.

29. Cary, Samuel and Hayley have been named as defendants to this action because, together, they constitute a majority of the adult qualified beneficiaries of the Spouse's Trust.

30. The failure of the majority of the adult qualified beneficiaries to appoint a successor Trustee of the Spouse's Trust adversely impacts Doug because, among other reasons, after the death of his father, Doug's Trust is to be funded by half of the assets of the Spouse's Trust.

31. Doug's Trust, in turn, has certain distribution obligations to its beneficiary, Doug, which cannot be made unless and until Doug's Trust is funded.

32. In addition, as Trustee of Doug's Trust, Doug has incurred professional fees that he is entitled to have reimbursed from Doug's Trust. Again, though, reimbursement can only take place if and when Doug's Trust is funded.

33. Further, as Trustee of Doug's Trust, Doug is entitled to reasonable compensation for his services from Doug's Trust. Again, though, payment of his reasonable compensation can only take place if and when Doug's Trust is funded.

34. All conditions precedent to this action have been satisfied.

35. Plaintiff has agreed to pay his undersigned counsel his reasonable attorney's fees and costs associated with this litigation.

## Count I
## Action to Appoint Trustee of Spouse's Trust

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 35 of this Complaint.

37. Under section 736.0704, Florida Statutes (Vacancy of trusteeship; appointment of successor), a "vacancy" occurs in the office of Trustee when the Trustee thereof dies.

38. There is a vacancy in the office of Trustee of the Spouse's Trust because the prior Trustee, William, has died.

39. To date, no successor Trustee has been appointed or has accepted the office of Trustee in order to fill the vacancy in the office of Trustee of the Spouse's Trust.

40. Because there has been no person appointed by a majority of the qualified beneficiaries of the Spouse's Trust, and/or because a qualified successor Trustee has not accepted any such appointment, Doug asks that a Trustee of the Spouse's Trust be appointed by the Court. *See* section 736.0704(3)(c), Florida Statutes.

41. Under section 736.0201(4)(b), Florida Statutes, a judicial proceeding involving a trust may relate to the administration of a trust, including proceedings to appoint a Trustee.

WHEREFORE, Plaintiff seeks a final judgment of the Court appointing a successor Trustee of the Spouse's Trust, in compliance with the terms of the Spouse's Trust; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

**Count II**
**Action to Fund Doug's Trust from Spouse's Trust**

42. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 35 of this Complaint.

43. Under the terms of the P.S. Gunton Trust, and specifically under the terms of the Spouse's Trust, section 4.2, "Upon the death of SPOUSE [i.e., William], TRUSTEE shall pay the undistributed and accrued income of SPOUSE'S TRUST, if any, and the entire remaining principal thereof, in equal shares to DOUG'S TRUST and CARY'S TRUST."

44. William died on December 26, 2022, and Doug's Trust is yet to be funded by the Spouse's Trust.

45. Doug, therefore, is damaged and, upon information and belief, the damages far exceed $75,000.

46. Further, the beneficiary of Doug's Trust has been damaged because he is due the accrued and undistributed income as of William's date of death.

47. In addition, as Trustee of Doug's Trust, Doug is entitled to reimbursement of his professional fees incurred to date and to payment of his trustee compensation earned to date.

48. Under section 736.0201(4)(g), Florida Statutes, a judicial proceeding involving a trust may relate to a determination of any matter involving Trustees and beneficiaries.

WHEREFORE, Plaintiff seeks a final judgment of the Court ordering that Doug's Trust be funded from the Spouse's Trust, pursuant to the terms of the P.S. Gunton Trust and the Spouse's Trust; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

**Count III**
**Action for a Fiduciary Accounting of the P.S. Gunton Trust**

49. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 35 of this Complaint.

50. This is an action, brought against Cary, as Trustee of the P.S. Gunton Trust, for a fiduciary accounting of the P.S. Gunton Trust for the period of time from the date of Phyllis' death (which is the time that the P.S. Gunton Trust became irrevocable) through the present.

51. Under section 736.0813, Florida Statutes, and applicable case law, a trustee must provide a fiduciary accounting to the qualified beneficiaries of the trust, at least annually, from the date that the trust becomes irrevocable.

52. Further, a fiduciary accounting must comply with section 736.08135, Florida Statutes, which sets forth the statutory requirements of the fiduciary accounting.

53. Doug, as Trustee of Doug's Trust, is a qualified beneficiary of the P.S. Gunton Trust, and he has been a qualified beneficiary since the date of Phyllis' death.

54. However, despite having received some information and account statements, Doug, as Trustee of Doug's Trust, has not received a fiduciary accounting of the P.S. Gunton Trust.

55. Similarly, upon information and belief, the other qualified beneficiaries of the P.S. Gunton Trust have also not received a fiduciary accounting, to which they are entitled.

WHEREFORE, Plaintiff seeks a final judgment of the Court ordering Cary, as Trustee of the P.S. Gunton Trust to serve a proper, fiduciary accounting, as required by statute, of the P.S. Gunton Trust on Doug, as Trustee of Doug's Trust; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

Dated: May 5, 2023

GUTTER CHAVES JOSEPHER RUBIN
FORMAN FLEISHER MILLER, P.A.
*Counsel for Douglas W. Gunton individually and as Trustee of Doug's Trust*
2101 NW Corporate Blvd., Suite 107
Boca Raton, Florida 33431
Telephone: 561-998-7847
Facsimile: 561-998-2642

By: */s Jonathan A. Galler*
Jonathan A. Galler
Florida Bar No. 37489
jgaller@floridatax.com
lboros@floridatax.com
arobrish@floridatax.com