# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

### Case No. 23-CV-00321

Douglas W. Gunton, individually and as Trustee
of Doug's Trust,

       Plaintiff,

vs.

Cary G. Lofquist, individually and as Trustee
of the P.S. Gunton Trust, Samuel Lofquist,
and Hayley Lofquist,

       Defendants.

_____/

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiff, Douglas W. Gunton, individually and as trustee of Doug's Trust (that is, the Subtrust Created Under Section 4.3 of the P.S. Gunton Trust), as a qualified beneficiary under Section 3(a) of the W.E. and P.S. Gunton Family Trust, and as successor-in-interest to William E. Gunton, pursuant to section 709.2114, Florida Statutes, hereby sues Defendants Cary G. Lofquist, individually and as trustee and/or as agent of the P.S. Gunton Trust and the W. E. and P.S. Gunton Family Trust, Samuel Lofquist, and Hayley Lofquist, and states as follows:

1.     This is an action seeking relief related to the P.S. Gunton Trust and the W.E. and P.S. Gunton Family Trust (the "Family Trust").

2.     As it relates to the P.S. Gunton Trust, this action seeks the appointment of a successor trustee, the funding of Doug's Trust, a fiduciary accounting, and damages for breach of fiduciary duties by Defendant Cary G. Lofquist.

3.     As it relates to the Family Trust, this action seeks the appointment of a successor trustee, distributions, a fiduciary accounting, and damages for breach of fiduciary duties by Defendant Cary G. Lofquist.

## Parties, Jurisdiction and Venue

4. Plaintiff Douglas W. Gunton ("Doug") is domiciled in the State of New Mexico and is *sui juris*. Doug serves as trustee of Doug's Trust, a traditional express trust, created pursuant to Section 4.3 of the P.S. Gunton Trust. Doug is also a beneficiary of the Family Trust, pursuant to paragraph 3(a) of the Family Trust.

5. Defendant Cary G. Lofquist ("Cary") is domiciled in the State of Wisconsin and is *sui juris*. Cary serves as the sole known trustee and/or agent of the trustee for the P.S. Gunton Trust and of the Family Trust.

6. Defendant Samuel Lofquist ("Samuel") is domiciled in the State of Florida and is *sui juris*. Plaintiff bears Samuel no ill will, and Samuel is named only because he constitutes part of the majority of the adult qualified beneficiaries of the trusts at issue.

7. Defendant Hayley Lofquist ("Hayley") is domiciled in the State of Washington and is *sui juris*. Plaintiff bears Hayley no ill will, and Hayley is named only because she constitutes part of the majority of the adult qualified beneficiaries of the trusts at issue.

8. This Court has diversity jurisdiction under 28 U.S.C.§ 1332.

9. There is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds the $75,000 minimum required, as follows.

10. The P.S. Gunton Trust was created by Phyllis S. Gunton ("Phyllis").

11. The P.S. Gunton Trust, as modified on January 26, 2011, and again on March 6, 2018, and the restatement was formed in Florida. (A copy of the October 1, 2009 Trust Agreement Modification and Restatement is attached hereto as Exhibit "A". A copy of Modification One dated November 30, 2010, is attached hereto as Exhibit "B". A copy of Modification Two dated March

2

6, 2018, is attached hereto as Exhibit "C".)  Together these three documents comprise the operative documents of the P.S. Gunton Trust.

12.     Further, pursuant to section 7.3 of the P.S. Gunton Trust, the laws of Florida govern the validity, construction, interpretation, and administration of the P.S. Gunton Trust.

13.     In addition, the P.S. Gunton Trust is a "traditional" Florida trust, formed under the laws of Florida and governed by the Florida Trust Code, chapter 736, Florida Statutes. The trustee possesses certain customary powers to hold, manage, and dispose of the trust assets for the benefit of its beneficiaries, and the trustee holds all right, title, and interest in the trust fund for the exclusive benefit of the trust beneficiaries. The trustee has the right to sue and be sued on behalf of the trust. There is a fiduciary relationship between the trustee and the trusts' respective beneficiaries. The beneficiaries do not have voting rights or otherwise own or control the trust assets.

14.     As stated above, Cary is the sole trustee of the P.S. Gunton Trust.

15.     Phyliss' spouse was William E. Gunton ("William").

16.     The Spouse's Trust was created under the P.S. Gunton Trust and, as such, was formed under the laws of Florida. Specifically, upon Phyllis' death, the Spouse's Trust was created pursuant to section 4.1 D of the P.S. Gunton Trust.

17.     Like the P.S. Gunton Trust, the Spouse's Trust is a "traditional" Florida trust, governed by the Florida Trust Code, chapter 736, Florida Statutes. The trustee – albeit absent, which is one of the reasons this lawsuit is brought – possesses certain customary powers to hold, manage, and dispose of the trust assets for the benefit of its beneficiaries, and the trustee holds all right, title, and interest in the trust fund for the exclusive benefit of the trust beneficiaries. The trustee has the right to sue and be sued on behalf of the trust. There is a fiduciary relationship

between the trustee and the trusts' respective beneficiaries. The beneficiaries do not have voting rights or otherwise own or control the trust assets.

18.     Doug's Trust is created under the P.S. Gunton Trust and, as such, was formed under the laws of Florida. Specifically, section 4.3 of the P.S. Gunton Trust creates a subtrust for the benefit of Doug, which is referred to therein as Doug's Trust.

19.     Like the P.S. Gunton Trust, Doug's Trust is a "traditional" Florida trust, governed by the Florida Trust Code, chapter 736, Florida Statutes. The trustee possesses certain customary powers to hold, manage, and dispose of the trust assets for the benefit of its beneficiaries, and the trustee holds all right, title, and interest in the trust fund for the exclusive benefit of the trust beneficiaries. The trustee has the right to sue and be sued on behalf of the trust. There is a fiduciary relationship between the trustee and the trusts' respective beneficiaries. The beneficiaries do not have voting rights or otherwise own or control the trust assets.

20.     As stated above, Doug is the sole trustee of Doug's Trust.

21.     The Family Trust was formed on October 9, 2000, in Ohio. (A Copy of the October 9, 2000 Irrevocable Trust Agreement for the Family Trust is attached as hereto as Exhibit "D".)

22.     The Family Trust was created William, as grantor. Phyllis was the initial trustee Cary is the successor trustee of the Family Trust, upon the death William.

23.     The values of the Spouse's Trust and the Family Trust, for which Doug seeks to have successor trustees appointed, each exceed $75,000; the value of the assets of the Spouse's Trust that the successor trustee will then be obligated to distribute for purposes of funding Doug's Trust exceeds $75,000; the amount of accrued and undistributed income due to the beneficiary of Doug's Trust (i.e., Doug), to date, exceeds $75,000; and the amount sought as an award for Cary's breaches of trust and fiduciary duties exceeds $75,000.

4

24.     In addition, as trustee of Doug's Trust under the P.S. Gunton Trust, Doug is entitled to reimbursement of his professional fees incurred to date and to payment of his trustee compensation earned to date, which exceed $75,000.

25.     As such, Doug has been damaged by at least $75,000.

26.     The administration of the P.S. Gunton Trust and the Family Trust has taken place, upon information and belief, in Collier County, Florida. For this reason, venue of this action is proper in the Fort Myers division of the Middle District of Florida.

### General Allegations

27.     Phyllis died, a domiciliary of Collier County, Florida, on July 13, 2020.

28.     William died, a domiciliary of Collier County, Florida, on December 23, 2022.

29.     Phyllis and William were the parents of Doug and Cary, and they were the grandparents of Samuel and Hayley, who are Cary's adult children.

30.     Phyllis was survived by William for nearly two years and six months.

**P.S. Gunton Trust**

31.     Pursuant to section 4.1 D of the P.S. Gunton Trust, upon Phyllis' death, a Spouse's Trust was created for the benefit of William, who was the sole trustee of the Spouse's Trust.

32.     The Spouse's Trust provided that William was to receive the entire net income and also allowed the trustee, in his discretion, to distribute principal to William for his health, support and maintenance, taking certain considerations, such as William's other funds, into account.

33.     Section 4.2 C of the P.S. Gunton Trust provides that upon William's death, the trustee of the Spouse's Trust "shall pay the undistributed and accrued income of the SPOUSE'S TRUST, if any, and the entire remaining principal thereof, in equal shares to DOUG'S TRUST and CARY'S TRUST."

5

34.    Currently, upon information and belief, there is no valid trustee of the Spouse's Trust.

35.    "Doug's Trust" refers to the subtrust, created under section 4.3 of the P.S. Gunton Trust, for the benefit of Doug.

36.    Pursuant to Section 4.3 A., Doug is the sole trustee of Doug's Trust.

37.    Pursuant Section 5.1 A. vi. of the P.S. Gunton Trust, upon a vacancy in the office of trustee of the Spouse's Trust, a majority of the adult qualified beneficiaries have the power to designate a successor trustee for the Spouse's Trust now that William has died.

38.    Pursuant Section 5.1 A. iv. of the P.S. Gunton Trust, any such designated or appointed trustee must be a bank or trust company having not less than $100,000,000 in trust assets under management.

39.    At the time of the filing of this lawsuit, however, Doug has not been advised that any qualified bank or trust company has accepted an appointment as the successor trustee of the Spouse's Trust.

40.    Thus, upon information and belief, there is a vacancy in the office of trustee of the Spouse's Trust. In other words, there is no valid successor trustee with whom Doug, as trustee of Doug's Trust, can communicate about the Spouse's Trust. For example, there is no valid trustee from whom he can demand that Doug's Trust be funded, as is supposed to occur upon William's death according to the terms of the P.S. Gunton Trust.

41.    The failure of the majority of the adult qualified beneficiaries to appoint a successor trustee of the Spouse's Trust adversely impacts Doug because, among other reasons, after the death of his father, Doug's Trust is to be funded by half of the assets of the Spouse's Trust.

42.     Doug's Trust, in turn, has certain distribution obligations to its beneficiary, Doug, which cannot be made unless and until Doug's Trust is funded.

43.     In addition, as trustee of Doug's Trust, Doug has incurred professional fees that he is entitled to have reimbursed from Doug's Trust. Again, though, reimbursement can only take place if and when Doug's Trust is funded.

44.     Further, as trustee of Doug's Trust, Doug is entitled to reasonable compensation for his services from Doug's Trust. Again, though, payment of his reasonable compensation can only take place if and when Doug's Trust is funded.

**The Family Trust**

45.     William was the grantor of the Family Trust, which is an irrevocable trust.

46.     Phyllis was the initial trustee of the Family Trust.

47.     Pursuant to Article IV of the Family Trust Agreement, if any trustee fails or ceases to act as trustee during William's lifetime, then a successor trustee shall be appointed by William, but William shall not serve as successor trustee and any individual successor trustee shall be "independent" within the meaning of the Internal Revenue Code Sections 671, et seq.

48.     An independent trustee, as defined in the context of IRC 671, et seq. is a trustee who is not a beneficiary of the trust or any resulting trust, and who is not related or subordinate to a beneficiary of the trust or any resulting trust as described in Section 672(c) of the Internal Revenue Code.

49.     Cary and Doug are beneficiaries of the Family Trust, as they are each to receive half of the assets therein upon William's death.

50.     Upon Phyllis' death, Cary prematurely accepted the position of successor trustee of the W Family Trust, on December 1, 2020, prior to William's death, on December 23, 2022.

51.     Moreover, Cary is and was not an independent trustee.

52.     Notice of Cary's premature succession as trustee of the Family Trust was not provided to Doug until March 13, 2023 - over two years late.

**Cary as Trustee and/or Agent Under Power of Attorney**

53.     At all relevant times, Cary was acting under a power of attorney and/or as a trustee, or in both capacities concurrently, for the P.S. Gunton Trust and for the Family Trust.

54.     The P.S. Gunton Trust and the Family Trust held multiple bank accounts with overlapping signatories in conflicting roles as grantors and trustees.

55.     Cary, acting under a power of attorney for Phyllis and/or Willaim, and as trustee for various trusts, potentially created conflicts of interest by transferring funds and dividing accounts jointly owned by these trusts without full disclosure to all of the beneficiaries.

56.     Cary, Samuel and Hayley have been named as defendants in this action as they collectively form a majority of the adult qualified and contingent beneficiaries for the Spouse's Trust under the P.S. Gunton Trust and the Family Trust.

57.     All conditions precedent to this action have been satisfied.

58.     Plaintiff has agreed to pay his undersigned counsel his reasonable attorney's fees and costs associated with this litigation.

**Count I**
**Action to Appoint Trustee of Spouse's Trust**

59.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 58 of this Second Amended Complaint.

60.     Under section 736.0704, Florida Statutes (Vacancy of trusteeship; appointment of successor), a "vacancy" occurs in the office of trustee when the trustee thereof dies.

61.     There is a vacancy in the office of trustee of the Spouse's Trust because the prior trustee, William, has died.

62.     To date, no valid successor trustee has been appointed or has accepted the office of trustee in order to fill the vacancy in the office of trustee of the Spouse's Trust.

63.     Because there has been no person appointed by a majority of the qualified beneficiaries of the Spouse's Trust, and/or because a qualified successor trustee has not accepted any such appointment, Doug asks that a trustee of the Spouse's Trust be appointed by the Court. *See* section 736.0704(3)(c), Florida Statutes.

64.     Under section 736.0201(4)(b), Florida Statutes, a judicial proceeding involving a trust may relate to the administration of a trust, including proceedings to appoint a trustee.

WHEREFORE, Plaintiff seeks a final judgment of the Court appointing a successor trustee of the Spouse's Trust, in compliance with the terms of the Spouse's Trust; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

## Count II
## <u>Action to Fund Doug's Trust from Spouse's Trust</u>

65.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 64 of this Second Amended Complaint.

66.     Under the terms of the P.S. Gunton Trust, and specifically under the terms of the Spouse's Trust, section 4.2, "Upon the death of SPOUSE [i.e., William], TRUSTEE shall pay the undistributed and accrued income of SPOUSE'S TRUST, if any, and the entire remaining principal thereof, in equal shares to DOUG'S TRUST and CARY'S TRUST."

67.     William died on December 26, 2022, and Doug's Trust is yet to be funded by the Spouse's Trust.

68.     Doug, therefore, is damaged and, upon information and belief, the damages far exceed $75,000.

69.     Further, the beneficiary of Doug's Trust has been damaged because he is due the accrued and undistributed income as of William's date of death.

70.     In addition, as trustee of Doug's Trust, Doug is entitled to reimbursement of his professional fees incurred to date and to payment of his trustee compensation earned to date.

71.     Under section 736.0201(4)(g), Florida Statutes, a judicial proceeding involving a trust may relate to a determination of any matter involving trustees and beneficiaries.

WHEREFORE, Plaintiff seeks a final judgment of the Court ordering that Doug's Trust be funded from the Spouse's Trust, pursuant to the terms of the P.S. Gunton Trust and the Spouse's Trust; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

## Count III
## Action for a Fiduciary Accounting of the P.S. Gunton Trust

72.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 71 of this Second Amended Complaint.

73.     This is an action, brought against Cary, as trustee of the P.S. Gunton Trust, for a fiduciary accounting of the P.S. Gunton Trust for the period of time from the date of Phyllis' death (which is the time that the P.S. Gunton Trust became irrevocable) through the present.

74.     Under section 736.0813, Florida Statutes, and applicable case law, a trustee must provide a fiduciary accounting to the qualified beneficiaries of the trust, at least annually, from the date that the trust becomes irrevocable.

75.     Further, a fiduciary accounting must comply with section 736.08135, Florida Statutes, which sets forth the statutory requirements of the fiduciary accounting.

76.     Doug, as trustee of Doug's Trust, is a qualified beneficiary of the P.S. Gunton Trust, and he has been a qualified beneficiary since the date of Phyllis' death.

77.     However, despite having received some information and some monthly account statements, Doug, as trustee of Doug's Trust, has not received a fiduciary accounting of the P.S. Gunton Trust.

78.     Similarly, upon information and belief, the other qualified beneficiaries of the P.S. Gunton Trust have also not received a fiduciary accounting, to which they are entitled.

WHEREFORE, Plaintiff seeks a final judgment of the Court ordering Cary, as trustee of the P.S. Gunton Trust to serve a proper, fiduciary accounting, as required by statute, of the P.S. Gunton Trust on Doug, as trustee of Doug's Trust; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

**Count IV**
**Breach of Trust Against Defendant**
**Cary G. Lofquist, individually and as Trustee of the P.S. Gunton Trust**

79.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 78 of this Second Amended Complaint.

80.     Information about the P.S. Gunton Trust and its administration should have been forthcoming to Doug immediately upon Cary becoming accountable. It is still unclear whether Cary began serving as trustee prior to Phyllis' death.

81.     Counsel for Cary has provided Doug's counsel with monthly bank statements and expense ledgers for the period of time from Phyllis' death through approximately September 2022.

82.     These monthly statements are of the P.S. Gunton Trust and these statements also appear to be of the Spouse's Trust. However, they appear to be only some of the monthly bank statements.

83.     Although the monthly statements and expense ledgers do not constitute fiduciary accountings, to the extent that they constitute disclosure statements under Chapter 736, Florida Statutes, the statements and expense ledgers reveal serious breaches of trust by Cary, individually and as trustee of the P.S. Gunton Trust.

84.     Also, the monthly statements and expense ledgers reveal serious breaches of trust by the trustee of the Spouse's Trust.

85.     The trustee of the spouse's trust had been William at the time the monthly statements and the expense ledgers were provided, but, as described above, William has since died and the trustee of the Spouse's Trust is currently a vacant office.

86.     Nevertheless, Cary, through her counsel, has apparently represented that Cary is also acting as trustee of the Spouse's Trust as a "continuing trust" of the P.S. Gunton Trust.

87.     Thus, in an abundance of caution (so as not to run afoul of any limitations periods), this is also an action for breach of trust as to Cary as trustee of the Spouse's Trust as a continuing trust of the P.S. Gunton Trust, or against the Spouse's Trust and any trustee who takes over the vacant office of trustee of the Spouses Trust.

88.     Information about the P.S. Gunton Trust and its administration should have been forthcoming to Doug immediately upon Cary becoming accountable. It is still unclear whether Cary began serving as trustee prior to Phyllis' death.

89.     The monthly statements and expense ledgers of the P.S. Gunton Trust and the Spouse's Trust reveal, among others, the following serious breaches of trust:

a.     The monthly statements of the P.S. Gunton Trust and the Spouse's Trust do not comply with section 736.08135, Florida Statutes, because they are not reasonably understandable in that the voluminous statements are not consolidated (as a fiduciary account would be, for example) and in part because the statements appear to cover at least two separate trusts during a period of over a year. Moreover, it appears that the Spouse's Trust was further divided into three administrative subtrusts; but no meaningful information regarding this division or how they were or are being administered has ever been provided other than comments in an email from Cary's counsel that leads Doug to believe this has happened. Further, the ledger of expenses provided appear to be color-coded without explanation.

b.     The monthly statements of the P.S. Gunton Trust and the Spouse's Trust do not comply with section 736.08135(2)(b), Florida Statutes, because they fail to adequately show all cash and property transactions, the gains and losses, and the value of all trust assets on hand, or their estimated value, including any known noncontingent liability, in part because the voluminous statements are not consolidated (as a fiduciary account would be, for example) and in part because the statements appear to cover at least two separate trusts during a period of over a year. Moreover, it si suspected that they fail to disclose compensation paid to Cary, perhaps as true, which may have been $43,999.43. Further, Cary appears to have paid significant money either as trustee of the P.S. Gunton Trust or as de facto trustee of the Spouse's Trust, for private club membership and

13

services that are unlikely to have been used by William, such as Port Royal Club, Royal Poinciana, and Naples Yacht, without explanation. Further the monthly statements of the P.S. Gunton Trust and the Spouse's Trust indicate that professional services were incurred such as lawyers and accountant's fees, but there is no breakdown regarding or whom or what the specific services were provided or reimbursed.

        c.     The monthly statements of the P.S. Gunton Trust and the Spouse's Trust do not comply with section 736.08135(c) and (d), Florida Statutes, because they fail to show significant transactions for which the trustee is accountable, including name changes in investment holdings, adjustments to carrying value, a change of custodial institutions and stock splits.  For example, account number ending in 6122 apparently received transfers from an account at ACI, but the location and owner of the account are unknown, and no statements were provided for this account or another account at ACI. Monthly Statements of these accounts appear not to have been provided. Further, large sums of money were transferred to accounts outside of the P.S. Gunton Trust and then large sums were transferred back in to P.S. Gunton Trust accounts from unknown accounts.

        d.     The monthly statements of the P.S. Gunton Trust and the Spouse's Trust do not comply with section 736.08135(e), Florida Statutes, because they fail to reflect the allocation of receipts, disbursements, accruals, or allowances between fiduciary income and principal. This information has not otherwise been provided to Doug or has been provided in an unclear manner.

    90.    Additionally, the expense ledgers include expenses of the P.S. Gunton Trust and/or the Spouse's Trust that fail to explain what those payments were for. Just as an example, there is no explanation for the payment made to Coleman Hazard Taylor, a civil litigation firm.

91.     Additionally, certain of the monthly statements of the P.S. Gunton Trust and/or the Spouse's Trust were redacted and no explanation for the redactions was provided. This cannot be considered adequate disclosure, and it is a serious breach of trust to fail to show Plaintiff, or to deliberate hide from Plaintiff, what is actually contained on the statements.

92.     Additionally, although the Spouse (i.e., William) was entitled to use the fiduciary income of the P.S. Gunton Trust after the Spouse's Trust was funded, he was not necessarily permitted to use the principal of said trust. Thus, it is all the more important to account for the fiduciary income of the P.S. Gunton Trust and the Spouse's Trust. It appears from the monthly statements that (although it is less than clear) William used in excess of the fiduciary income without explanation or justification.

93.     Additionally, Cary appears not to have completed the funding of the Spouse's Trust with the assets of the P.S. Gunton Trust in violation of the P.S. Gunton Trust, or if she has funded the Spouse's Trust, it appears that she has unnecessarily delayed doing so.

94.     Additionally, there appears to be comingling between the P.S. Gunton Trust and the Spouse's Trust, as well as other sources of money. For example, the Spouse's Trust appears to have paid (at least) $32,639,50 in fees, to attorneys and accountants with regard to the P.S. Gunton Trust and Phyllis' estate, as indicated by Cary's counsel. Also as indicated by Cary's counsel, William inappropriately spent (at least) $438,064.65 from the Spouse's Trust. These significant errors, whether inadvertent or otherwise, illustrate not only serious breaches of trust (and would suggest there are more) but show why formal fiduciary accountings of the P.S. Gunton Trust and the Spouse's Trust are required.

95.     Additionally, Cary as the trustee of the P.S. Gunton Trust breached section 736.0803, Florida Statutes when she failed to treat the remainder beneficiaries impartially, having received payments form the P.S. Gunton Trust of at least $43,999.43 without explanation.

96.     Additionally, Cary as the trustee of the P.S. Gunton Trust breached the trust by having personal household expenses (such as interior design and rugs) assessed to the P.S. Gunton trust without explanation as to why or on whose behalf the expenses were assessed.

97.     Additionally, Cary as the trustee of the P.S. Gunton Trust breached section 736.0803, Florida Statutes, by failing to communicate about the P.S. Gunton regularly with Doug.

98.     Upon information and belief, Cary began to act as trustee in place of her father because William an elderly man in his 90s, had health issues, lack interest, and could or would no longer serve as trustee. This enabled Cary, individually but acting as constructive trustee or de facto trustee of the Spouse's Trust, to breach the Spouse's Trust.

99.     In furtherance of this, Cary as the trustee of the P.S. Gunton Trust, or as the de facto trustee of the Souse's Trust, breached section 736.0804, Florida Statutes, by investing the P.S Gunton Trust in a manner that appears designed to increase the trust principal and decrease the trust income, contrary to Phyllis' intent.

100.     Additionally, Cary as the trustee of the P.S. Gunton Trust breached the trust and section 736.0804, Florida Statutes because she appears to have comingled funds, mismanaged the splitting of Northern Trust tenant-in-common for the benefit of the trust, and made errors that require reimbursement of the P.S. Gunton Trust from the Spousal Trust and vice versa.

101.     Additionally, Cary as the trustee of the P.S. Gunton Trust or as the de facto trustee of the Spouse's Trust, breached the trust and section 736.0805, Florida Statutes, by incurrent expenses for private country clubs, interior design and possibly private legal services, and possibly

16

other expenses charged on a credit cards, all in such a away as to be unreasonably related to the trust property, the purposes of the trust, and skills of the trustee

102.    Additionally, Cary as the trustee of the P.S. Gunton Trust, or as the de facto trustee of the Spouse's Trust, breached the trust and section 736.0807, Florida Statutes by purportedly delegating her duties and powers as a trustee of the P.S. Gunton Trust, or as the de facto trustee of the Spouse's Trust, to an agent (her lawyer) without exercising reasonable care, skill and caution in the following ways: (1) failing to establish the scope and terms of the delegation, consistent with the purposes and terms of the trust, and (2) failing to review the agent's actions periodically, in order to monitor the agent's performance and compliance with the terms of the delegation. Cary failed to perform the duties required under this section to such a degree as to be liable tot Doug and/r the P.S. Gunton Trust for actions taken by her agent.

103.    Additionally, Cary as the trustee of the P.S. Gunton Trust, or as the de facto trustee of the Spouse's Trust, breached the trust and section 736.0810, Florida statutes, by failing to keep clear, distinct, and accurate records of the administration of the trust, and failing to keep P.S. Gunton Trust money separated form Cary's own property.

104.    Additionally, Cary as the trustee of the P.S. Gunton Trust or as the de facto trustee of the Spouse's Trust, breached the trust and section 736.0813, Florida Statutes by failing to keep Doug reasonably informed of the trusts and their administration by for example, failing to do yearly accountings and failing to communicate to Doug about the trusts or their administration.

105.    Additionally, the trustee of the Spouse's Trust whether that was Cary as de facto trustee or William breached the trust and section 736.09147, Florida Statutes, in that William appears to have sued the P.S. Gunton Trust as a checking account of sorts; there is no evidence as to how much fiduciary income was earned and distributed to William or for his benefit due to

17

inadequate or undisclosed record keeping; and there has been no further distribution of fiduciary income to Doug since the passing of his father, although he is entitled to such distribution.

106.    Additionally, Cary as the trustee of the P.S. Gunton Trust, or as the de facto trustee of the Spouse's Trust, breached the trust by paying an excessive amount for professional services such as for lawyers, accountants and fiduciary services.

107.    Plaintiff has been proximately damaged by these breaches of trust.

WHEREFORE, Plaintiff respectfully requests that this Court enter final judgment against Cary, individually and as trustee of the P.S. Gunton Trust, finding that she breached the P.S Gunton Trust and the Spouse's trust and assessing damages and a surcharge- among other remedies provided in Chapter 736, Florida Statutes, including removal – against Cary individually or against her share of the P.S. Gunton Trust and the Spouse's Trust, awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

**Count V**
**Breach of Power of Attorney Against Defendant**
**Cary G. Lofquist, individually and as Agent for Trustee of the P.S. Gunton Trust**

108.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 107 of this Second Amended Complaint.

109.    As William's agent under a power of attorney, Cary owed certain common law and statutory fiduciary duties towards beneficiaries when acting on behalf of William as the trustee of the P.S. Gunton Trust.

110.    Acting as the P.S. Gunton Trust trustee's agent, Cary made improper payments to herself, and has made known errors of improper distributions and accountings to Doug as

18

beneficiary, as explained above, including comingling of trust principal funds and payments from the Trust to private country clubs and interior designers.

111.    Cary had conflicts of interest when acting as such as William's agent because, among other reasons, Cary was also a beneficiary of the P.S. Gunton Trust, along with her two children, and she was able to make financial decisions that benefitted her and her children at the expense of her brother, the other beneficiary of the P.S. Gunton Trust.

112.    Cary's role as agent for William in his capacity as trustee of the P.S. Gunton Trust was not disclosed to Doug, and neither Cary nor William, or any attorney-in-fact purportedly acting on their behalf, provided reasonable and sufficient communication to Doug regarding the administration of the P.S. Gunton Trust.

113.    Further, neither Cary nor William appeared to provide oversight or any supervision, in turn, to their agent, an attorney-in-fact, who appeared to work concurrently as a representative for both Cary and William, individually, and in their roles as trustees or agents for trustees of the P.S. Gunton Trust or the Spouse's Trust (or the Family Trust).

114.    Conflicts of interest were created when Cary and/or her agent, acting in William's capacity as trustee of the P.S. Gunton Trust, appear to have removed certain trust assets out of the P.S. Gunton Trust utilizing jointly owned bank accounts or corporations, in a way that disfavored beneficiary Doug's interests.

115.    Additionally, division of certain stock holdings held in jointly owned brokerage accounts could have been distributed in a way so as to disfavor the P.S. Gunton Trust while favoring the Family Trust, due to undisclosed conflicts of interests.

116.    Actual divisions of jointly held accounts have not been fully disclosed to Doug.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Cary for actual, compensatory, incidental, and consequential damages, in an amount to be determined after a full and complete accounting has been provided to Plaintiff; attorney's fees and costs incurred by Plaintiff in bringing this action; order a full and complete accounting that identifies all receipts disbursements, and transactions made on behalf of William under the power of attorney, award pre-judgment interests under the Florida Interest Act; and award costs and such other and further relief as this Court deems just and proper.

**Count VI**
**Action for a Fiduciary Accounting of the W.E. and P.S. Gunton Family Trust**

117.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 116 of this Second Amended Complaint.

118.    This is an action, brought against Cary, as trustee of the Family Trust, for a fiduciary accounting of the Family Trust for the period of time from the date of Phyllis' death through the present.

119.    Under section 736.0813, Florida Statutes, and applicable case law, a trustee must provide a fiduciary accounting to the qualified beneficiaries of the trust, at least annually, from the date that the trust becomes irrevocable.

120.    No fiduciary accounting has ever been provided to Doug for the Family Trust.

121.    Further, a fiduciary accounting must comply with section 736.08135, Florida Statutes, which sets forth the statutory requirements of the fiduciary accounting.

122.    Doug is a qualified beneficiary of the Family Trust, and he has been a qualified beneficiary since the date of the Family Trust's inception.

123.    Plaintiff's investigation revealed that from the time the Family Trust was established (in 2000), between the years 2001-2018, the Family Trust held at least one account which received at least $263,845 in gifts claimed by Phyllis in 709 form filings attached to the P.S. Gunton Estate 706 filing.

124.    Despite requesting an accounting which would show all accounts ever held by the Family Trust, along with any other assets ever held by the Family Trust, Cary has only given partial information regarding a single bank account opened after the death of William.

125.    Upon information and belief, Doug, as a qualified beneficiary of the Family Trust, has not received a fiduciary accounting, to which he is entitled.

WHEREFORE, Plaintiff seeks a final judgment of the Court ordering Cary, as trustee of the W.E. and P.S. Gunton Family Trust, to serve a proper, fiduciary accounting, as required by statute, from 2000 to the present; awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

**Count VII**
**Breach of Trust Against Defendant Cary G. Lofquist, individually and as Trustee of the**
**W.E. and P.S. Gunton Family Trust**

126.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 125 of this Second Amended Complaint.

127.    Cary prematurely became trustee of the Family Trust on December 1, 2020, at the latest, and may have been acting as the de facto trustee prior to Phyliss' death on July 13, 2020.

128.    Information about the Family Trust and its administration should have been forthcoming to Doug immediately upon Cary becoming the trustee.

21

129.    It is still unclear whether Cary began serving as trustee of the Family Trust prior to Phyllis' death.

130.    Cary as the trustee or de facto trustee of the Family Trust, breached the trust and section 736.0813, Florida Statutes, by failing to keep Doug reasonably informed of the trust and its administration by, for example, failing to do yearly accountings and failing to communicate to Doug about the trust or its administration prior to an offer of settlement.

131.    Plaintiff has been proximately damaged by these breaches of trust.

WHEREFORE, Plaintiff respectfully requests that this Court enter final judgment against Cary, individually and as trustee of the W. E. and P.S. Gunton  Family Trust, finding that she breached the W.E. and P.S. Gunton Family Trust and assessing damages and a surcharge, among other remedies provided in Chapter 736, Florida Statutes, including removal of Cary as trustee, replacing Doug as trustee, awarding Plaintiff his reasonable fees and costs under Chapter 736, Florida Statutes, and any applicable case law; and granting such other and further relief that this Court deems appropriate.

## Count VIII
### Breach of Power of Attorney Against Defendant Cary G. Lofquist, individually and as Agent for Settlor of the W.E. and P.S. Gunton Family Trust

132.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 - 131 of this Second Amended Complaint.

133.    Upon information and belief, Cary acted under a power of attorney on behalf of her father William, the Grantor of the Family Trust.

134.    Upon information and belief, Cary acted under a power of attorney on behalf of Phyllis, when Phyllis was the trustee of the Family Trust.

135.    Cary, in her capacity as agent for trustee and grantor of the Family Trust, owes common law and statutory fiduciary duties to all beneficiaries, including Plaintiff.

136.    These fiduciary duties include (1) the duty to administer the trust in good faith, section 736.0801; Florida Statutes, (2) the duty to administer the trust solely in the interests of the beneficiaries, section 736.0802, Florida Statutes; (3) the duty to act impartially and with due regard to the beneficiaries' respective interests section 736.0803, Florida Statutes; and (4) the duty to administer the trust as a prudent person, exercising reasonable care, skill, and caution., section 736.0804, Florida Statutes.

137.    Cary, acting as an agent on behalf of Phyllis and/or William, appears to have closed and opened banking accounts held by the Family account.

138.    Cary, acting as an agent on behalf of Phyllis and/or William, appears to have divided jointly owned bank accounts which were possibly owned by the Family Trust along with the P.S. Gunton Trust, without disclosure to the beneficiary, Doug.

139.    Cary may have acted under conflicting roles as agents and trustees if accounts were jointly owned by multiple trusts, and Cary took undisclosed actions in more than one agency or trustee role on a bank account jointly owned by the Family Trust and another trust.

140.    Cary's actions under powers of attorney for Phyllis and William related to the Family Trust have disadvantaged Doug as a beneficiary of this trust.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Cary G. Lofquist, award actual compensatory incidental and consequential damages, in an amount to be determined, after a full and complete accounting has been provided to Plaintiff, award plaintiff's fees and costs incurred in bringing this action, order a full and complete accounting that identifies all receipts, disbursements and transactions made on behalf of William

under the power of attorney, award pre-judgment interest under the Florida Interest Act; and award costs and such other and further relief as this Court deems just and proper.

Dated: December 13, 2023

Respectfully submitted,

By:*/s Jonathan A. Galler*
Jonathan A. Galler, Esq.
Florida Bar No. 37489
*Counsel for Douglas W. Gunton individually and as Trustee of Doug's Trust*
GUTTER CHAVES JOSEPHER RUBIN FORMAN FLEISHER MILLER, P.A.
2101 NW Corporate Blvd., Suite 107
Boca Raton, Florida 33431
Telephone: 561-998-7847
Facsimile: 561-998-2642
jgaller@floridatax.com
lboros@floridatax.com
arobrish@floridatax.com

-and-

Juan C. Antúnez, Esq.
Florida Bar No. 97659
*Counsel for Douglas W. Gunton individually and as Trustee of Doug's Trust*
STOKES MCMILLAN ANTÚNEZ MARTINEZ- LEJARZA P.A.
Two Datran Center, Suite 1901
9130 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305-379-4008
Facsimile: 305-379-4848
jantunez@smpalaw.com
eservice@smpalaw.com
probategroup@smpalaw.com

By: */s Jodi Cole*
Jodi Cole, Esq.
Texas Bar No. 24045602
jcole@jodicole.com
(Admitted pro hac vice)
*Counsel for Douglas W. Gunton individually and as Trustee of Doug's Trust*
LAW OFFICE OF JODI COLE, PLLC
203 East Murphy Street
Alpine, Texas 79830
Telephone: 432-837-4266
jcole@jodicole.com

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2023, a true and correct copy of the foregoing

was furnished electronically via CM/ECF to all counsel of record:

Lauren Elizabeth Johnson, Esq.
Ljohnson@rkjlawgroup.com
e-filing@rkjlawgroup.com
RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401
Tel: 561-659-7878
*Counsel for Cary G. Lofquist, Individually and*
*as Trustee of the P.S. Gunton Trust*

Michael P. Kaelin, Esq.
mkaelin@cl-law.com
mtureaud@cl-law.com
CUMMINGS & LOCKWOOD, LLC
3001 PGA Boulevard, Suite 104
Palm Beach Gardens, FL 33410
Tel: 561-312-788
*Co-Counsel for Cary G. Lofquist, Individually*
*and as Trustee of the P.S. Gunton Trust, and*

By:*/s Jonathan A. Galler*
Jonathan A. Galler, Esq.

25