UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS W. GUNTON,
individually and as Trustee of
Doug's Trust,

    Plaintiff,

v.                                 Case No.:  2:23-cv-321-SPC-KCD

CARY G. LOFQUIST, SAMUEL
LOFQUIST and HAYLEY
LOFQUIST,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 62), Plaintiff's Response (Doc. 70), and the parties' Supplemental Briefs on ripeness (Docs. 84, 87). For the below reasons, the Court denies the motion and dismisses Count II as unripe.

This case is about two trusts. Phyllis Gunton created the first trust—the P.S. Gunton Trust. That instrument, in turn, created other sub-trusts. Upon her death, the Spouse's Trust would benefit her husband, William Gunton. After his death, Doug's Trust and Cary's Trust would benefit their children. Mr. Gunton created the second trust—the W.E. and P.S. Gunton Family Trust. That trust provides that after Mr. Gunton's death, the children

are to each receive half of the trust's assets. Mr. and Mrs. Gunton died in July 2020 and December 2022, respectively. This fight between their children followed.

Plaintiff Douglas Gunton sues Cary Loftquist (and also names her two children as trust beneficiaries). He brings claims related to the P.S. Gunton Trust: Count I for appointment of a trustee for the Spouse's Trust, Count II for funding of Doug's Trust from the Spouse's Trust, Count III for fiduciary accounting, Count IV for breach of trust, and Count V for breach of power of attorney. And he brings claims related to the W.E. and P.S. Gunton Family Trust: Count VI for fiduciary accounting, Count VII for breach of trust, and Count VIII for breach of power of attorney. Defendants move to dismiss on four grounds. (Doc. 62).

First, Defendants argue that the Court lacks jurisdiction over Counts I-V. Generally, federal courts have jurisdiction over actions where, like here, the parties are diverse in citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. But there are some exceptions. Relevant here, the probate exception bars jurisdiction over an action if the effect of the judgment in that action would "(1) probate or annul a will, (2) administer an estate, or (3) 'dispose of property that is in the custody of a state probate court.'" *See Stuart v. Hatcher*, 757 F. App'x 807, 809 (11th Cir. 2018) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006)).

Defendants argue that the probate exception applies here because Mrs. Gunton's estate is currently in probate and the assets of the P.S. Gunton Trust "consist of all, or a significant portion of" her estate. (Doc. 62 at 7).[1] Defendants do not identify any specific trust asset that is in the custody of the state probate court. And, generally, "an inter vivos trust is not part of the settlor's estate and is not subject to the probate administration." *Abromats v. Abromats*, No. 16-CV-60653, 2016 WL 10891528, at *3 (S.D. Fla. July 14, 2016) (citations omitted). So Defendants' probate-exception argument is largely misplaced.

But there is overlap between the assets of Mrs. Gunton's estate and the assets of some of the sub trusts. The P.S. Gunton Trust provides that distributions to the sub trusts shall occur "after satisfaction of all debts, expenses, taxes, and bequests as provided in Section 6.2 hereof." (Doc. 58-1 at 8). Section 6.2, in turn, grants the executor of Mrs. Gunton's estate the power to direct payment of those debts, expenses, taxes, and bequests from the principal of the trust estate. (Doc. 58-1 at 21). After satisfying those payments, the balance of the trust estate funds the Spouse's Trust for Mr. Gunton's benefit. (Doc. 58-3 at 4). And once Mr. Gunton dies, the balance of the Spouse's Trust funds in equal shares Doug's Trust and Cary's Trust. (Doc. 58-1 at 9). Plaintiff asks the Court to fund Doug's Trust in Count II.

---

[1] Defendants mention Mr. Gunton's estate administration as well, but their argument is primarily focused on the administration of Mrs. Gunton's estate.

Given these trust provisions, the Court ordered the parties to brief whether Count II is ripe. (Doc. 81). Plaintiff argues Count II is ripe because Doug's Trust "can and should be funded now by simply calculating the potential liabilities of [Mrs. Gunton's] estate, retaining a reasonable reserve to cover those liabilities, and making distributions subject to a clawback agreement." (Doc. 84 at 3). The Court need not determine whether this arrangement would be consistent with the P.S. Gunton Trust's language and Florida law. Such an arrangement would run afoul of the probate exception.

"District courts in the Eleventh Circuit have no jurisdiction over actions seeking a valuation of estate assets, a transfer of property that is under probate, or 'a premature accounting of an estate still in probate.'" *Catano v. Capuano*, No. 18-20223-CIV, 2020 WL 639406, at *3 (S.D. Fla. Feb. 11, 2020) (quoting *Turton n v. Turton*, 644 F.2d 344, 348 (5th Cir. 1981)). To calculate a reasonable reserve and the amount to be distributed to Doug's Trust, the Court would have to prematurely evaluate and account Mrs. Gunton's estate. The probate exception bars the Court from participating in these "kinds of tasks that are reserved to the state probate courts." *Stuart v. Hatcher*, 757 F. App'x 807, 810 (11th Cir. 2018).

Count II is unripe if the Court cannot fund Doug's Trust until after satisfying payments for Mrs. Gunton's estate. If the Court can fund Doug's Trust before satisfying payments for Mrs. Gunton's estate, then doing so would

4

run afoul of the probate exception. Under either scenario, the Court cannot entertain Count II before the administration of Mrs. Gunton's estate has concluded. The Court dismisses Count II without prejudice.[2]

Second, Defendants argue that the Court should decline jurisdiction under the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "As a threshold matter," *Colorado River* abstention comes into play only "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1286 (11th Cir. 2024) (quotation omitted). If so, six factors inform the decision to abstain:

> (1) whether one of the courts has assumed jurisdiction over property,
> (2) the inconvenience of the federal forum,
> (3) the potential for piecemeal litigation,
> (4) the order in which the fora obtained jurisdiction,
> (5) whether state or federal law will be applied, and
> (6) the adequacy of the state court to protect the parties' rights.

*Id.* Courts also consider "the vexatious or reactive nature of either the federal or the state litigation." *Id.* The weight given to each factor varies from case to

---

[2] In their supplemental brief, Defendants raise several new arguments relating to Counts III, IV, VI, and VII of the second-amended complaint. (Doc. 87 at 7). These arguments are not sufficiently developed or briefed at this stage. However, Plaintiff should consider these arguments—particularly the argument that Count I is moot—before filing his third-amended complaint.

5

case. But "the abstention inquiry must be heavily weighted in favor of the exercise of jurisdiction." *Id.* (quotation omitted).

To start, *Colorado River* abstention is likely inapplicable because this action does not involve substantially the same issues as the state probate proceeding. This action involves several trusts, appointing a trustee, fiduciary accounting, breach of trust, and breach of power of attorney. The state probate proceeding concerns only the distribution of Mrs. Gunton's estate. As discussed above, the trusts at issue in this case are not subject to probate administration. And the dismissal of Count II alleviates any concern of the courts facing substantially the same issues.

The six abstention factors also favor the Court exercising jurisdiction over this matter. The probate court has not assumed jurisdiction over the trust's assets, so it is of little consequence that the probate proceeding preceded this action. There is no reason to believe this federal forum is inconvenient or that piecemeal litigation will ensue. State law applies, but this is true in all diversity-jurisdiction cases. This Court and the probate court can adequately protect the parties' rights. Finally, any concern that this action is a vexatious and reactive attempt to circumvent the proper administration of Mrs. Gunton's estate is largely alleviated by the Court's dismissal of Count II. On balance, these factors do not convince the Court that it should abstain from exercising its jurisdiction over this action.

Third, Defendants argue the Court should dismiss Counts VI-VIII concerning the W.E. and P.S. Gunton Family Trust because they incorrectly rely on Florida law. Plaintiff cites the Florida Trust Code for these claims, but the W.E. and P.S. Gunton Family Trust agreement provides that the "laws of the State of Ohio shall govern the validity, construction and interpretation of the provisions of this agreement, the validity of the trusts created herein, and the administration of and the accounting for such trusts." (Doc. 58-4 at 16). Plaintiff responds that Ohio law does not apply because the W.E. and P.S. Gunton Family Trust does not have a sufficient nexus to that jurisdiction under Florida Statute § 736.0107. Plaintiff argues that this analysis presents a factual question, that Plaintiff has alleged enough facts supporting the application of Florida law, and that Plaintiff states a claim even if Ohio law applies.

Florida Statute § 736.0107 provides the framework for deciding which jurisdiction's laws apply to the Family Trust. It provides that a trust is governed by the "law of the jurisdiction designated in the terms of the trust, provided there is a sufficient nexus" to that jurisdiction when it was created or during its administration. Fla. Stat. § 736.0107(1). If a trust does not designate a jurisdiction, or there is not a sufficient nexus to the designated jurisdiction, then "the law of the jurisdiction where the settlor resides at the

7

time the trust is first created" governs. § 736.0107(2).  Finally, designations contrary to "a strong public policy" of Florida are not controlling. *Id.*

Whether the W.E. and P.S. Gunton Family Trust has a sufficient nexus to Ohio is a fact-intensive inquiry and is poorly briefed, so the Court finds that ruling on this choice of law issue is premature at this stage. *Tufts v. Hay*, No. 618CV572ORL37DCI, 2018 WL 11249187, at *2 (M.D. Fla. Aug. 10, 2018) (holding that fact-intensive choice-of-law analysis is inappropriate at the pleading stage).  Moreover, Plaintiff argues that Ohio and Florida have adopted versions of the Uniform Trust Code and that Counts VI-VIII are cognizable under similar Florida and Ohio law provisions. So the choice-of-law issue may be a nothingburger.  *See In re Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335, 1346 (11th Cir. 2023) ("And under Florida choice-of-law rules, a court need not resolve a choice-of-law dispute if there is a 'false conflict,' such that the different laws point to the same outcome under the facts of the case.").

Fourth, Defendants argue the Court should dismiss this action under Rule 12(b)(7) for failure to join parties under Rule 19.  Defendants claim that representatives of both Mr. and Mrs. Gunton's estates are indispensable parties.

The first step of Rule 19 analysis is determining "whether the person in question is one who should be joined if feasible," that is, a required party. *Fla.*

8

*Wildlife Fed'n Inc. v. United States Army Corps of Engineers*, 859 F.3d 1306, 1316 (11th Cir. 2017) (quotation omitted). A party is required if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]" Fed. R. Civ. P. 19(a)(1).

Defendant argues a representative of Mr. Gunton's estate is a required party because Mr. Gunton was a beneficiary of the P.S. Gunton Trust. And, the second-amended complaint includes allegations regarding his allegedly inadequate service as trustee.

"'As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets.'" *Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir. 1986) (quoting *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir.1982)). But here, it is unclear whether the Court should treat Mr. Gunton's estate as a beneficiary and therefore required party for Rule 19 purposes. As discussed above, the P.S. Gunton Trust provides that, upon Mr. Gunton's death, the balance of the Spouse's Trust funds in equal shares Doug's Trust and Cary's Trust. (Doc. 58-

9

1 at 9). Mr. Gunton has died, so his estate seemingly no longer has an interest as a beneficiary under the terms of the trust.

Moreover, Plaintiff is not seeking to hold Mr. Gunton's estate liable for his actions as trustee. Plaintiff sues Cary G. Lofquist for her actions as trustee, not Mr. Gunton. Plaintiff cites Mr. Gunton's actions as trustee only in support of why Plaintiff believes a fiduciary accounting is warranted. Altogether, these facts show that Mr. Gunton's estate is not a required party to this action.

Defendant argues a representative of Mrs. Gunton's estate is a required party because "deciding the priority of the funding of Doug's trust will also affect the priority and amount of any payments to administer Mrs. Gunton's estate and pay any taxes of Mrs. Gunton's estate." The Court's dismissal of Count II sufficiently addresses this concern, and the Court finds no other reason to conclude that Mrs. Gunton's estate is a required party to this action.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss the Second-Amended Complaint (Doc. 62) is **DENIED.**

2. Count II of the Second-Amended Complaint is **DISMISSED without prejudice** as unripe.

10

3. **On or before July 2, 2024**, Plaintiff must file a third-amended complaint consistent with this Order. **Failure to comply may result in dismissal without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 18, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

11