UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS W. GUNTON, individually and as Trustee of Doug's Trust,

Plaintiff,

v. Case No.: 2:23-cv-321-SPC-KRH

CARY G. LOFQUIST, individually and as Trustee of the P.S. Gunton Trust, Samuel Lofquist, and Hayley Lofquist,

Defendant.

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Kevin R. Huguelet's Order denying Plaintiff Douglas W. Gunton's motion for leave to file a fourth amended complaint (Doc. 160) and motion to reopen discovery (Doc. 161). (Doc. 170). Plaintiff objects to the Order (Doc. 174), and Defendant Cary G. Lofquist responded to the objection (Doc. 179). So the matter is ripe for review.

At the outset, Plaintiff missed the deadline to file his motion to reopen discovery. (Doc. 170 at 2). That alone was a proper basis to deny Plaintiff's motion, but Judge Huguelet considered the merits of both that motion and the motion for leave. (*See id.*). Judge Huguelet found both requests to be untimely. Further, he found that Plaintiff failed to satisfy the "good cause" standard of

Federal Rule of Civil Procedure 16(b)(4) to amend the scheduling deadlines or act with due diligence. As to reopening discovery, Judge Huguelet reasoned that:

> In short, despite Plaintiff's claims, Plaintiff could have served discovery on Defendant when Defendant filed her affirmative defenses in August 5, 2024, when the January 7, 2025 production occurred, and any time until February 20, 2026. Plaintiff chose to wait until the last minute to propound discovery and by making that choice, foreclosed his opportunity to pursue additional discovery. . . [F]rom August 19, 2024, the date the Second Amended Case Management and Scheduling Order was entered, Plaintiff was on notice that discovery needed to be served before the February 20, 2026 deadline. Plaintiff wholly failed to show good cause, due diligence, or excusable neglect to justify reopening discovery and delaying this case further.

(Doc. 160 at 6). And Judge Huguelet found that Plaintiff's reasons for requesting leave to file a fourth amended complaint were vague, unsupported, or the product of Plaintiff's own delays. (*See id.* at 6, 7). He denied both of Plaintiff's motions.

Plaintiff lobs two overarching objections to Judge Huguelet's Order. In the first instance, Plaintiff claims that it was improper for his motions to be referred to the magistrate judge, given that Plaintiff withheld consent during the Court's March 17, 2026, status conference. (Doc. 174 at 8, 9). As to the merits, Plaintiff argues that he satisfied the good cause standard because he received discovery that "changed the factual landscape of the case" and

discovery was delayed by the litigation of Defendant's motion to quash (Doc. 137). (Doc. 174 at 12). The Court finds Plaintiff's objections unconvincing.

Under Federal Rule of Civil Procedure 72(a), a district court reviews a magistrate judge's order on a non-dispositive matter under a "clearly erroneous or [ ] contrary to law" standard." "Clear error is a highly deferential standard of review" and a finding of clear error is only appropriate "if the district court 'is left with the definite and firm conviction that a mistake has been committed.' " *Bradford Emergency Group, LLC. v. Blue Cross and Blue Shield of Florida, Inc.*, No. 21-62139, 2022 WL 4545177, at *1 (S.D. Fla. Sep. 29, 2022) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351 (11th Cir. 2005)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation omitted). "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Millstein v. Wells Fargo Bank, N.A.*, No. 1:24-CV-22142, 2026 WL 734256, at *1 (S.D. Fla. Mar. 16, 2026) (quotation omitted).

Having examined the record, the Court overrules Plaintiff's objections to Judge Huguelet's Order. To begin, the Court rejects Plaintiff's argument that it was improper for his motions to be referred to Judge Huguelet. Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain

substantive matters not at issue. Indeed, Plaintiff acknowledges that this matter pertains to discovery, which is decidedly a pretrial matter. (Doc. 174 at 8). Moreover, the Court indicated pretrial motions would be referred to the assigned magistrate judge even if the parties withheld their consent to have a magistrate judge handle summary judgment and trial in this matter. (Doc. 174-1 at 13). So it was proper for the Court to refer Plaintiff's motions to Judge Huguelet, and it is not proper for Plaintiff to argue otherwise.

Moving to the merits, Plaintiff's objections are similarly unpersuasive. Judge Huguelet engaged in an analysis of the Rule 16 standard, examined each reason Plaintiff offered for good cause, and found Plaintiff failed to demonstrate an excusable reason for the delay in filing his motions. Plaintiff received the bulk of the information that he claims "changed the landscape" of this case, at the very latest, in May 2025. Despite the supposed importance of this information, Plaintiff waited about ten months to move to amend his claims and approximately eight months—until the very end of the discovery period—to issue nineteen subpoenas *duces tecum* to third parties after the deadline to amend pleadings had passed. (Doc. 179 at 8). Plaintiff offers no persuasive justification for this delay. For these and the other reasons identified in Judge Huguelet's Order, the Court finds the denial of Plaintiff's motions to be a reasonable and correct application of the relevant law.

Under the Rule 72(a) standard, the Court does not find Judge Huguelet's decision to be "clearly erroneous" and therefore overrules Plaintiff's objections. Fed. R. Civ. P. 72(a).

Accordingly, it is now

**ORDERED:**

1. Plaintiff Douglas W. Gunton's Objection to United States Magistrate Judge Kevin R. Huguelet's Order (Doc. 174) is **OVERRULED**.
2. Judge Huguelet's Order (Doc. 170) is **AFFIRMED** in full.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record