UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS W. GUNTON, individually and as TRUSTEE OF DOUG'S TRUST,

Plaintiff,

v. Case No.: 2:23-cv-321-SPC-KRH

CARY G. LOFQUIST, individually and as TRUSTEE OF THE P.S. GUNTON TRUST, SAMUEL LOFQUIST, and HAYLEY LOFQUIST,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendants Cary G. Lofquist, individually and as Trustee of the P.S. Gunton Trust ("Cary"), Samuel Lofquist ("Samuel"), and Hayley Lofquist's ("Hayley") (collectively, "Defendants") Motion for Summary Judgment (Doc. 183), Plaintiff Doulas W. Gunton, individually and as Trustee of Doug's Trust's ("Doug" or "Plaintiff") response (Doc. 190), Defendants' reply (Doc. 193), and Plaintiff's surreply (Doc. 199). For the reasons below, the motion is granted in part and denied in part.

## Background

This case is about a number of trusts created by Phyllis Gunton ("Phyllis") and William Gunton ("William"), who were married and had two children: Cary and Doug. Phyllis created the first trust—the P.S. Gunton Trust.[1] That instrument, in turn, created other sub-trusts, including the Spouse's Trust. Upon Phyllis' death, the Spouse's Trust would benefit William. William created the second trust—the W.E. and P.S. Gunton Family Trust ("Family Trust").[2] That trust provides that after William's death, the children are to each receive half of the trust's assets. Phyllis and William died in July 2020 and December 2022, respectively. This fight between their children followed.[3]

Plaintiff now brings claims related to the P.S. Gunton Trust: Count I for appointment of a trustee for the Spouse's Trust, Count II for fiduciary accounting, Count III for breach of trust, and Count IV for breach of power of attorney. And he brings claims related to the Family Trust: Count V for fiduciary accounting, Count VI for breach of trust, and Count VII for breach of

[1] It is undisputed that Florida law controls the P.S. Gunton Trust.

[2] At the motion to dismiss stage, the Court left open the question of whether Florida or Ohio law governs the Family Trust. (Doc. 88 at 8). However, both sides rely entirely on Florida law in their instant briefing. (*See generally* Docs. 183, 190). Thus, the Court will apply Florida law, and the parties are estopped from arguing that Florida law does not apply in the future.

[3] As the Court explained in its prior Order (Doc. 154), this case has a long procedural history. The parties are familiar with the facts and the Court need not repeat them here.

power of attorney. Defendants move for summary judgment on all counts under Federal Rule of Civil Procedure 56. (Doc. 183).

**Legal Standard**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, a judge "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "An issue is genuine if a reasonable [factfinder] could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019). And a "fact is material if it may affect the outcome of the case under the applicable substantive law." *Id.*

"The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact." *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1287 (M.D. Fla. 2019). "If the movant does so, the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine factual disputes which preclude judgment as a matter of law." *Id.* "The assertion that a fact is genuinely disputed . . . must [be] supported by particular parts of materials in the record." *Moore v. Eger*, No. 616CV303ORL28GJK, 2017 WL 6367598, at *2 (M.D. Fla.

Oct. 20, 2017). "In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* at *3.

**Discussion**

Upon review, genuine issues of material fact remain in dispute regarding Counts I, II, III, V, and VI. However, the Court grants summary judgment as to Counts IV and VII. The Court addresses the counts in turn.

Defendants argue that Count I is moot because Cary was rightfully installed as trustee of the Spouse's Trust based on the second modification of the Family Trust. (Doc. 91-3 at 5). However, Plaintiff argues that the issue is not moot because nothing in the operative trust documents actually names Cary first successor trustee to the Spouse's Trust; rather, she is only explicitly named as first successor trustee to the P.S. Gunton Trust. (Doc. 91-1 at 15). According to Plaintiff, Cary was wrongfully installed because the position became vacant upon William's death, requiring a majority vote of the beneficiaries to appoint a financial institution as trustee. (Doc. 91-3 at 6). Thus, in Count I, there exists a factual dispute as to whether Cary was rightfully installed as trustee of the Spouse's Trust pursuant to the ambiguous trust documents. *See Campaniello v. Amici P'ship*, 832 So. 2d 870, 872 (Fla. Dist. Ct. App. 2002) ("[W]hen the terms of a written instrument are disputed

and rationally susceptible to more than one construction, an issue of fact is presented . . . .").

In Counts II and V, Defendants argue that they are entitled to summary judgment because the undisputed facts show that the fiduciary accountings of the P.S. Gunton Trust and the Family Trust provided to Plaintiff comply with Florida law. (*See* Docs. 183-1, 183-2). However, as Plaintiff points out, Defendants identify no accountings after 2023 and 2024, despite the fact that Florida law requires annual accountings. *See* Fla. Stat. § 736.0813(1)(d). Plaintiff also points out irregularities in the accountings that apparently do not comply with Florida law. (*See* Doc. 190 at 14–15). Accordingly, factual issues exist regarding whether the fiduciary accountings provided by Cary for the P.S. Gunton Trust and the Family Trust are sufficient under Florida law.

In Counts III and VI, Defendants argue that: 1) Plaintiff's claims are barred by a six-month statute of limitations under section 736.1008(2), Florida Statutes; and 2) Plaintiff's claims fail because they are based on Counts II and V. Plaintiff argues that Defendants' first argument is a non-starter because every fiduciary accounting provided by Cary was provided to Plaintiff *after* he initiated this lawsuit. (*See, e.g.*, Docs. 183-1, 183-2). Thus, his claims are not barred by the relevant statute of limitations. Moreover, the Court has already concluded that Defendants are not entitled to summary judgment on Counts II and V because factual issues remain in dispute. Thus, this argument is

rejected. Plaintiff also argues that there are factual disputes regarding when/if/how Cary participated in William's affairs regarding the P.S. Gunton Trust and the Family Trust between 2020 and 2023, and whether any such participation constituted a breach of trust. (Doc. 190 at 16–17). The Court agrees. Thus, factual issues preclude summary judgment on Counts III and VI.

In Counts IV and VII, Defendants argue primarily that Plaintiff lacks standing under Florida law to assert claims for breach of power of attorney because he is not an intended beneficiary of the subject contract. *See, e.g.*, *Strickland v. Burch*, No. 3:13-cv-1383-J-32JBT, 2014 WL 3417611, at *3 M.D. Fla. July 14, 2014) (rejecting argument that the plaintiff was "an intended beneficiary of the power of attorney contract because, upon his mother's death, he was to be the beneficiary of the accounts that the power of attorney covered"). Plaintiff cites no case law to the contrary. Rather, Plaintiff argues that he has standing to sue under the Florida Power of Attorney Act, which renders Cary liable to Plaintiff as the principal's successor in interest. (Doc. 190 at 18).

Under the Florida Power of Attorney Act, standing is conferred upon "[a]ny other interested person if the person demonstrates to the court's satisfaction that the person is interested in the *welfare of the principal* and has a good faith belief that the court's intervention is necessary." Fla. Stat. §

709.2116(2)(d) (emphasis added). Here, the principal is deceased. Plaintiff cites no authority for the proposition that he can be "interested in the welfare" of a deceased person for purposes of the statute.

Additionally, Plaintiff's argument that, if the Court finds he lacks standing, "Rule 17(a)(3) requires an opportunity for ratification, joinder, or substitution before dismissal" is misplaced.[4] "Rule 17(a)(3) isn't a plenary license to fix pleadings errors in all cases for all reasons. Rather, the rule is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014). Here, Plaintiff argues neither. Thus, Rule 17(a)(3) does not prevent entry of summary judgment. Accordingly, the Court finds that Plaintiff lacks standing as to these counts, and Defendants are entitled to summary judgment.[5]

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 183) is **GRANTED as to COUNTS IV and VII**, and **DENIED** in all other respects.

[4] Rule 17(a)(3) states in relevant part: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."
[5] Before proceeding to a nonjury trial on the remaining counts, the Court finds it prudent to refer this matter to a United States Magistrate Judge for a settlement conference.

2. **On or before December 7, 2026**, the parties shall jointly contact United States Magistrate Judge Nicholas P. Mizell's Courtroom Deputy, Wendy Winkel at (239) 461-2053, or email her at Wendy_Winkel@flmd.uscourts.gov, to schedule a settlement conference.

**DONE** and **ORDERED** in Fort Myers, Florida on November 23, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record